# Suspension of a United States Marshal

With the prior approval of the President, the Attorney General may suspend a United States Marshal without pay.

During the period of a United States Marshal's suspension, the Attorney General may designate an Acting United States Marshal to carry out the duties of the office.

September 23, 1993

MEMORANDUM OPINION FOR THE
ASSOCIATE DEPUTY ATTORNEY GENERAL

This memorandum will confirm oral advice, given to the Deputy Attorney General and to the Marshals Service, that the Attorney General has the power to suspend a United States Marshal without pay, with the President's prior approval. She may also designate an Acting United States Marshal during the period of the United States Marshal's suspension.

This Office has concluded repeatedly that the Attorney General may suspend a United States Marshal without pay, provided that she has the prior approval of the President.[1] The President's power to appoint a United States Marshal entails the power to remove him. *See* 28 U.S.C. § 561(c), (d); *Myers v. United States*, 272 U.S. 52, 122 (1926); *Carey v. United States*, 132 F. Supp. 218, 220 (Ct. Cl. 1955). The President's removal power includes "the lesser power to place one upon temporary leave without pay as incidental to the power to appoint and dismiss." *Id.* at 220; *see* 2 Op. O.L.C. 107 (1978) (opining that the President has the exclusive power to impose suspension and other discipline upon his appointees). In *Carey*, the court held that the President could authorize the Attorney General to suspend without pay a United States Attorney who was under investigation for allegedly soliciting a bribe. 132 F. Supp. at 222. As this Office has noted, "[i]t is hardly necessary to say that the court would have arrived at the same conclusion if a United States Marshal had been the official under investigation." Harmon Memorandum I at 1. We have also indicated that *Carey* applies equally to a suspension

---

[1] *See* Memorandum for the Attorney General, from Theodore B Olson, Assistant Attorney General, Office of Legal Counsel, *Re Suspension of United States Attorneys* (Sept 25, 1984) ("Olson Memorandum"); Memorandum for Paul R Michel, Acting Deputy Attorney General, from John M Harmon, Assistant Attorney General, Office of Legal Counsel, *Re Suspension of a United States Attorney or United States Marshal without pay* (Jan 14, 1980) ("Harmon Memorandum II"); Memorandum for Paul R Michel, Acting Deputy Attorney General, from John M Harmon, Assistant Attorney General, Office of Legal Counsel, *Re. Suspension of a United States Attorney or United States Marshal without pay* (Jan 7, 1980) ("Harmon Memorandum I"); Memorandum for William J. Brady, Jr, Assistant to the Deputy Attorney General, from Norbert A. Schlei, Assistant Attorney General, Office of Legal Counsel, *Re Power of Attorney General to suspend a United States Attorney* (Aug 14, 1964).

without pay imposed as a disciplinary measure after investigation. Harmon Memorandum II at 1.

In this case, we understand that suspension without pay would be imposed upon a United States Marshal preparatory to the President's removal of him from office. We think that such a suspension would be well within the President's power as an action "incidental" to a removal. The Attorney General may take this step on behalf of the President, with the President's prior approval. *See Carey*, 132 F. Supp. at 220, 222. The President, however, must undertake the actual removal of the United States Marshal. *See Presidential Succession and Delegation in Case of Disability*, 5 Op. O.L.C. 91, 94 (1981) (opining that President may not delegate his power to remove purely executive presidential appointees).

After the United States Marshal has been suspended, we believe that the Attorney General may appoint someone to act in his stead, pursuant to her broad authority to "make such provisions as [s]he considers appropriate authorizing the performance by any other officer, employee, or agency of the Department of Justice of any function of the Attorney General." 28 U.S.C. § 510; *see* 28 U.S.C. § 509 (providing that all functions of the Department, with certain exceptions not relevant here, are vested in the Attorney General); 28 C.F.R. § 0.132(e) (1993) ("[T]he Attorney General may designate any official in the Department to act as head of a unit whose head is absent or disabled."); *see also* Olson Memorandum at 2-3.[2]

RICHARD L. SHIFFRIN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[2] Because there will not be a vacancy in the office until the United States Marshal has been removed by the President, the provisions that govern filling a vacancy would not apply. *See* 28 U.S.C. § 562, 28 C.F.R. § 0 132(d)